UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| STEFAN SMITH, | ) |
|     Plaintiff, | ) Case No.1:23-cv-226 ) |
| v. | ) Judge Atchley ) |
| CITY OF EAST RIDGE, | ) Magistrate Judge Steger ) |
|     Defendant. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff, a Georgia jail inmate, filed a pro se complaint and amended complaint for violation of 42 U.S.C. § 1983 arising out of incidents that occurred in East Ridge and/or Hamilton County, Tennessee [Docs. 2, 4], as well as a motion for service [Doc. 10]. For the reasons set forth below, this action will be **DISMISSED** because Plaintiff's complaints fail to state a claim upon which relief may be granted under § 1983. Accordingly, Plaintiff's pending motion [*Id.*] will be **DENIED as moot**.

### I.     STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Also, allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. ALLEGATIONS

In his original complaint that he filed September 26, 2023, Plaintiff alleges that he was falsely arrested and falsely imprisoned from April 10 through April 17, 2022 [Doc. 2 p. 3]. Plaintiff also states that he was subjected to a "second false arrest/imprisonment . . . on November 2, 2022," and that the "pending case was dismissed on January 10, 2023" [*Id.* at 4].

In his amended complaint [Doc. 4], Plaintiff provides more details about the incidents in his original complaint. Specifically, Plaintiff states that on April 10, 2022, East Ridge Police Department Officer John Perry filed a complaint against him for a traffic violation due to an expired tag, even though Officer Perry did not have a warrant to search the tag [*Id.* at 1]. Plaintiff also alleges that Officer Perry then "searched and arrested/seized" him [*Id.* at 1]. Plaintiff states that this incident occurred due to Defendant City of East Ridge's "municipal policy, procedure, and[/]or custom," and that, afterwards, he was taken to the Hamilton County Jail, where he was "processed, searched again, and imprisoned without conviction, indictment, or due process of law," which he again claims was due to Defendant City of East Ridge's "municipal policy,

procedure, and[/]or custom" [*Id.*]. After this arrest, Plaintiff was imprisoned in the Hamilton County Jail for approximately seven days, at which time he was released "upon coerced agreement to attend a court proceeding[/]hearing" [*Id.* at 1–2].

However, the court proceeding at which Plaintiff agreed to appear during his April 2022 imprisonment led to another search and arrest of him "without conviction or indictment," as well as a second imprisonment and a fourth search, on November 2, 2022 [*Id.* at 2]. In this incident, Plaintiff was imprisoned for half a day [*Id.*]. On January 10, 2023, Plaintiff attended a court hearing where the "accusations/allegations/claims/proceedings were dismissed" [*Id.*].

Plaintiff states that Defendant City of East Ridge's "existing unconstitutional municipal policy and procedure" led to his "unconstitutional and false arrest/seizure/detainment/imprisonment," and that these incidents caused various violations of his constitutional rights [*Id.*]. Plaintiff specifically alleges that:

1. Officer Perry breached his duty to uphold and support the constitution by violating Plaintiff's rights under the "4th, 9th, 13th, and 14th Amendments" while acting "as an authorized agent of the municipal corporation or municipality of East Ridge";

2. Defendant City of East Ridge "Fail[ed] to Establish, Administer, and Enforce a Constitutional and Adequate Policy, Procedure, and[/]or Custom in Accordance with the Federal Constitution," and its existing municipal policy "enables violative infringement and deprivation of rights protected by the 4th, 9th, 13th, and 14[th] Amendments";

3. "The continual use and enforcement of an unconstitutional and inadequate policy, procedure, and[/]or custom is an ongoing conspiracy" to violate Plaintiff's rights;

4. Defendant East Ridge has failed to "Establish and Promote a Policy for Safeguarding Constitutional Rights an enforcing the Upholding of Public Servant Oaths to Support the Constitution" and breached a "Duty to Protect[] Rights";

5. On April 10, 2022, Defendant East Ridge's Officer Perry violated his 9th Amendment "right to travel freely" and "rights to life, liberty, [and] property";

6. On April 10, 2022, Officer Perry unreasonably searched him in violation of his Fourth Amendment rights;

3

7. On April 10, 2022, Officer John Perry unreasonably seized him "without warrant or indictment and without [P]laintiff's consent";

8. On April 10, 2022, Hamilton County Jail violated his constitutional rights by subjecting him to an unreasonable seizure after Officer Perry's unreasonable seizure;

9. On November 2, 2022, his 9th Amendment "right to travel freely" and "rights to life, liberty, [and] property" were violated pursuant to Defendant East Ridge's municipal policy, procedure, and/or custom;

10. On November 2, 2022, his right to be free from unreasonable search was violated in an unreasonable seizure pursuant to Defendant East Ridge's municipal policy, procedure, and/or custom;

11. On November 2, 2022, an unreasonable search and seizure violated his right to be free from unreasonable seizure pursuant to Defendant East Ridge's municipal policy, procedure, and/or custom;

12. On November 2, 2022, he was seized and imprisoned for a second time without a conviction or indictment and without due process of law "pursuant to the same pending action," which he claims violated his right to be free from double jeopardy;

13. On November 2, 2022, Hamilton County Jail officials violated his right to be free from unreasonable search pursuant to Defendant East Ridge's municipal policy, procedure, and/or custom;

14. On April 10, 2022, Plaintiff's 9th and 14th Amendment rights were violated through a false imprisonment without a conviction, indictment, or due process of law due to Defendant East Ridge's municipal policy, procedure, and/or custom;

15. On November 2, 2022, Plaintiff's 9th and 14th Amendment rights were violated through a false imprisonment without a conviction, indictment, or due process of law due to Defendant East Ridge's municipal policy, procedure, and/or custom;

16. Plaintiff's 13th Amendment right to be free from involuntary servitude was violated during his imprisonments because he "was told what to do, when to do it, was made to eat harmful, processed foods, was made to wear unsanitary multi-worn clothing . . . , was told when to speak and when to go to bed, was restricted of all rights . . . , was forced . . . to sign documents, take a photo, and give up [his] fingerprints, etc."; and

17. Ten unspecified paragraphs in the amended complaint are also due process violations.

[Doc. 4 p. 3–5].

Plaintiff then sets forth legal arguments and citations, most of which relate to involuntary servitude, pretrial detainment, and municipal liability [*Id.* at 5]. He also objects to statements from unspecified counsel and seeks "judgment in his favor and damages in his favor," including compensatory damages due to Defendant East Ridge's unconstitutional policy, procedure, and/or custom that he states led to his unreasonable search and seizure, false arrest, and imprisonment [*Id.* at 6].

Plaintiff has sued the "City of East Ridge" [*Id.* at 1].

### III. ANALYSIS

As set forth above, it is apparent from the amended complaint that (1) on April 2, 2022, Officer Perry observed Plaintiff driving a car with an expired tag, (2) the searches, seizures, and imprisonments of Plaintiff set forth in his complaints resulted from Officer Perry seeing Plaintiff committing this offense, (3) Plaintiff was released from his first imprisonment for driving with an expired tag only after he agreed to appear at a court hearing regarding that charge, (4) after that hearing on November 2, 2022, Plaintiff was again arrested and imprisoned for half a day for the same charge, and (5) the expired tag charge was later dismissed. For the reasons set forth below, these allegations fail to allege a plausible claim for violation of § 1983.

#### A. Categorization of Claims

As set forth above, Plaintiff generally categorizes his unreasonable search and seizure and false imprisonment claims as violations of his constitutional rights under the 9th, 4th, and 14th Amendments.[1] But the Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government

---

[1] In his complaints, Plaintiff refers to both false arrest and false imprisonment claims [Doc. 2 p. 3; Doc. 4 p. 6]. However, under federal law, false arrest is a species of false imprisonment, and the Supreme Court therefore refers to these torts collectively as "false imprisonment." *Wallace v. Kato*, 549 U.S. 384, 388–09 (2007). This Court will do the same.

5

behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment provides the standard for analyzing claims involving unreasonable search or seizure); *Gorcaj v. Medulla*, 51 F. App'x 158, 159 (6th Cir. 2002) (stating that "a section 1983 claim based on . . . false imprisonment . . . stands on the Fourth Amendment"). Moreover, the Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991).

Thus, the Court will address Plaintiff's unreasonable search and seizure and false imprisonment claims under the Fourth Amendment, rather than the Ninth Amendment or the Substantive Due Process Clause of the Fourteenth Amendment.

**B.     Untimely Claims**

It is apparent that Plaintiff's claims alleging unreasonable searches and seizures, false imprisonment, and involuntary servitude arising out of incidents that occurred between April 10 and April 17, 2022, which he asserted for the first time in his original complaint on September 26, 2023 [Doc. 2 p. 5], are untimely.[2] Specifically, Tennessee's one-year statute of limitations applies to these claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (noting that federal district courts apply a state's statute of limitations to § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting forth one-year statute of limitations for § 1983 claims). Federal law governs

---

[2] As Plaintiff's claims arising from the April 10, 2022, events in the amended complaint arise out of the same events as those set forth in his original complaint, the date on which Plaintiff filed his original complaint is the relevant date in determining whether his claims are timely under Rule 15(c). Fed. R. Civ. P. 15(c)(1)(B) (providing that an amendment to a pleading relates back to the date of original pleading where it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading").

6

when the statute begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule is that the limitations period starts "when the plaintiff has a complete and present cause of action") (citation omitted).

Plaintiff's false imprisonment, unreasonable search and seizure, and involuntary servitude claims based on events that occurred between April 10 and 17, 2022, accrued no later than April 17, 2022, when he was released from that imprisonment. *Wallace v. Kato,* 549 U.S. 384, 389 (2007) (holding that the limitation period on Fourth Amendment false imprisonment claims "begin[s] to run against an action for false imprisonment when the alleged false imprisonment ends"). But Plaintiff did not file these claims until more than a year later, specifically on September 26, 2023. Thus, these claims are time-barred. However, the Court notes that, even if these claims were not time-barred, they also would be subject to dismissal for the reasons set forth below.

### C. *Monell* Liability

As set forth above, Plaintiff has only sued Defendant East Ridge. However, Plaintiff does not set forth any facts to support his repeated conclusory assertions that the incidents in his complaint resulted from a procedure, custom, or policy of this municipality, such that the Court could liberally construe the complaints to state a plausible claim against this Defendant. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality

7

can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Plaintiff's allegation that an unspecified policy, procedure, and/or custom of Defendant East Ridge amounts to "an ongoing conspiracy" to violate his civil rights is also conclusory and therefore fails to state a plausible claim. *Iqbal*, 556 U.S. at 681 (providing that formulaic and conclusory recitations of the elements of a claim that are unsupported by facts fail to state a plausible claim for relief).

Additionally, even if the Court could liberally construe the complaints to plausibly assert that the incidents set forth therein resulted from a custom or policy of Defendant East Ridge, the Court would still dismiss this action because, for the reasons set forth below, Plaintiff's complaints fail to state a plausible claim for (1) violation of the Fourth Amendment, (2) involuntary servitude in violation of the Thirteenth Amendment, or (3) double jeopardy in violation of the Fifth Amendment. As such, Plaintiff has not adequately alleged an underlying constitutional violation for which Defendant East Ridge may be liable under § 1983. *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) ("'There can be no liability under *Monell* without an underlying constitutional violation.'" (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014))).

### D.     Fourth Amendment

The Fourth Amendment secures the right to be free from unreasonable search and seizure. U.S. Const. amend. IV. A § 1983 claim for violation of the Fourth Amendment is not cognizable "'where there [was] probable cause to believe that a criminal offense [had] been or [was] being committed.'" *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 279 (6th Cir. 2020) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).

As set forth above, Plaintiff's complaints demonstrate that his arrests and imprisonments set forth therein resulted from Officer Perry observing him driving with an expired tag. While it appears that this offense was minor, that minor offense still provided probable cause for Plaintiff's arrests and imprisonments. *Virginia v. Moore,* 553 U.S. 164, 171 (2008) ("[W]hen an officer has probable cause to believe a person committed even a minor crime in his presence, the balancing of private and public interests is not in doubt. The arrest is constitutionally reasonable."). As such, Plaintiff's Fourth Amendment claims arising from his arrests and imprisonments for this charge fail to state a claim upon which relief may be granted under § 1983.[3] *Ouza*, 969 F.3d at 279; *Rideout v. Shelby Twp.*, No. 22-11597, 2023 WL 5917392, at *5 (E.D. Mich. Sept. 11, 2023) (providing that "claims for false arrest and false imprisonment fail when there is probable cause to support the arrest") (collecting cases).

Thus, Plaintiff's Fourth Amendment claims fail to plausibly allege a constitutional violation, and they are **DISMISSED**.

E. **Involuntary Servitude**

As set forth above, Plaintiff alleges that his November 2, 2022, imprisonment violated his Thirteenth Amendment right to be free from involuntary servitude because he "was told what to do, when to do it, was made to eat harmful, processed foods, was made to wear unsanitary multi-worn clothing . . . , was told when to speak and when to go to bed, was restricted of all rights . . . , was forced . . . to sign documents, take a photo, and give up [his] fingerprints, etc." [Doc. 4 p. 4–5]. The Supreme Court has stated that the intent of the Thirteenth Amendment is to "prohibit

---

[3] While Plaintiff does not appear to seek to assert a claim for malicious prosecution, to the extent that his complaints can be construed to do so, such a claim would fail for the same reason. *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (providing that plaintiff asserting a claim for malicious prosecution must establish that the criminal prosecution lacked probable cause, among other things).

compulsion through physical coercion." *See United States v. Kozminski*, 487 U.S. 931, 942 (1988). To state a claim for violation of the Thirteenth Amendment, a plaintiff must demonstrate he was subjected to "compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." *Butler v. Perry,* 240 U.S. 328, 332 (1916). Plaintiff's allegations regarding his imprisonment do not rise to the level of a constitutional violation. Instead, the incidents Plaintiff cites to support this claim are typical of at least most, if not all, detainments of people charged with a crime. Thus, the Court declines to find that such allegations state a plausible claim for involuntary servitude in violation of the Thirteenth Amendment.

As such, Plaintiff's allegations that he was subjected to involuntary servitude in violation of the Thirteenth Amendment fail to state a claim upon which relief may be granted under § 1983, and they are **DISMISSED**.

### F. Double Jeopardy

Plaintiff also claims that his second imprisonment on November 2, 2022, for the same offense for which he was previously imprisoned in April 2022, violated his right to be free from double jeopardy. The Double Jeopardy clause of the Fifth Amendment provides that a person may not "be subject for the same offence to be twice put in jeopardy of life of limb." U.S. Const. amend. V. It protects, among other things, "against multiple punishments for the same offense" in a single proceeding. *Missouri v. Hunter*, 103 S. Ct. 673, 674 (1983) (citation omitted). However, an individual is protected from separate punishment for the same offense only after jeopardy attaches for that offense, which occurs as follows: (1) in a jury trial, when the jury is empaneled and sworn, *Crist v. Bretz*, 437 U.S. 28, 38 (1978); (2) in a bench trial, when the court begins to hear evidence, *Serfass v. United States*, 420 U.S. 377, 388 (1975); or (3) in cases with guilty pleas, when the court takes the plea. *United States v. Bearden*, 274 F.3d 1031, 1036–38 (6th

Cir. 2001). As nothing in Plaintiff's complaint or amended complaint suggests that jeopardy attached to the charge against him prior to his second imprisonment, his complaints fail to allow the Court to plausibly infer that his second pretrial detention for the same charge violated his Fifth Amendment rights.

As such, Plaintiff's complaint fails to allege a plausible claim for a double jeopardy violation of the Fifth Amendment, and these allegations will be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

3. Plaintiff's pending motion [Doc. 10] is **DENIED as moot**; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**